The first case that we'll hear is a case called United States v. Born. It's 24-7011. And we'll hear first from Mr. Miller. Good morning, Your Honors. May it please the Court, Benjamin Miller on behalf of Cale Born. And I'll start with the question we received from this Court, basically asking what would be the result, depending on how the Court views the issues, affirm, reverse, remand. And I think I'll just start with what I don't think the result can be. And I don't think this Court, if they think there was an error, can affirm. And I'll say there's two reasons for that. And first, I will point to this Court's decision in United States v. Hargrove. And there, in footnote 9, this Court addressed there was an issue with the application of the acceptance of responsibility guidelines. And this Court in that footnote says the government doesn't ask us to impose a harmless error type analysis. And even if they had, they could not meet their burden, because when a court misapplies the guidelines, the error can't be harmless. And I think that would apply here, too. And that gets to my second point, where — Is this — you're talking about a Tenth Circuit case? Yes. Okay. You'll — that's not in your briefs, correct? Hargrove is in our briefs. The Fourth Circuit's opinion in Hargrove is in the brief. Am I — At least in the table of authority. Maybe there's a mistake. But the Hargrove I am mentioning, and I apologize if I'm getting them mixed up, is 478 F. 3rd. 195. Okay. Thank you. And I do apologize. I'm mixing them up. No, that's all right. Okay. And then even if there could be a case where a similar type of guidelines error could be harmless, I don't think this is the case for it. And there, again, I'll point to government, like in Hargrove, didn't make a harmless error analysis. And I think more importantly, the error here got at the essential question the court had to answer. Did Mr. Bourne accept responsibility for the offense of conviction? And that isn't all that's required, but that is the essential question that starts the analysis. And if the court gets that wrong, I think this would be similar to Hargrove, where the harmless outcome couldn't be established. And then — so if it's not going to be affirmed, next could the court just outright reverse? And I don't think the court can do that either. So that leaves us with sort of two options on remand. Remand with instructions to resentence in light of the opinion, or remand with the acceptance of responsibility. Typically, the result would be remand for new sentencing in light of the  However, when the record is sufficient enough, the outcome can be remand with instructions more specific to impose — to apply the deduction. And that is what this court did in Salazar-Samaniega. And I think it can do it here, because similarly, the record is sufficiently complete to show why Mr. Bourne should have been entitled to the acceptance of responsibility deduction. And I'll start with, he does truthfully admit to the offense of conviction. Before you get to the merits-based arguments, is there not a third possible disposition, and that is to retain jurisdiction and remand for the limited purpose for the district court to state whether or not the paragraph in dispute with regard to his disputing the intent element, whether or not that was intended to be an independent part of the analysis, or if it was supposed to be integral to the whole reason for the first paragraph, and that is that he found that there was not a clear demonstration of acceptance or responsibility for him to clarify that, and then we decide the merits of the appeal? I think the answer is — this is a little bit of a unique case. I think there the answer is no to that question, because intent is not part of the offense of conviction. And so if it isn't, I guess I don't — maybe I'm not understanding the question. Well, I may be stating it very badly. I'm saying, assuming, Arguendo, that we credit your argument that the offense in question is the offense of conviction based on application note one, I'm saying the question is whether or not that paragraph in dispute where the judge refers to one of the reasons that starts further, that this is an additional reason, whether that was intended to be an independent reason for denying the acceptance or responsibility credit, or if it was part and parcel of his whole explanation of why he found that there was not, in combination, a clear demonstration of acceptance or responsibility. Have him clarify that. It comes back to us. We know what the judge's intent was. Was this an independent reason or just one reason with several components? And then we decide the merits of the appeal. I think — I guess I think the court probably could do that. I don't think — I can't think of a reason why a court could not. I think it's not what would be, in my opinion, the outcome required by the record, because, you know, we look at the reasons the court gives and given its sentencing. And, you know, one reason was the court agreed — the court didn't think — the court thought he challenged intent and malice. And so that's one reason. And that is what I think is the essential question to decide, do we even get to anything else? And then if we look at kind of the other reasons the court cited, the court mentions — he cites — the court cites application note one, which, number one, application note one begins with does the person truthfully admit? And Mr. Born did. And then it gets to what the court is discussing, that he doesn't voluntarily terminate and he doesn't have post-defense rehabilitative efforts. When did he truthfully admit? At what stage did that happen? He doesn't — there's nothing in the record to show that he truthfully admits prior to the trial. Well, I understand that. So it happens at trial. When in the trial did it happen? I mean, it happens throughout. The defense — if you look at the defense as a whole, defense's opening statement is Mr. Born committed this offense as a voluntary — as a voluntary manslaughter. His testimony is then very similar. And then the closing specifically says, please convict him of this offense. And so this becomes unlike a case — unlike United States versus Hearst, where the defense waits until they hear all the government's evidence and then sees, oh, wow, this is really overwhelming. We must pivot. This is very different from that. Tell me what happened at the end of the government's evidence. Was there a motion for a judgment of acquittal? You know, I'm not entirely — I can check and let you know on rebuttal. I'm sure the government may know also. I don't recall. Okay. Just one quick follow-up question. In the opening statement, he didn't say voluntary manslaughter. He said heat of passion, right? He didn't say, I committed voluntary manslaughter at opening. I mean, I don't think you even argued that in your brief. He did say he killed the guy and did it in the heat of passion, right? I believe that is correct. I'll double-check and I'll let the court know. But I believe that is correct. I think it's at 44 of the third volume is the portion where — but that is the entire — apparent with the entire defense is they weren't contesting what happened. They were just arguing this was not premeditated. It was not with malice. And that is what the jury agrees with, which also makes this case, you know, very different than a case like U.S. v. Smith or U.S. v. Toms where the defense goes to trial, admits the conduct, but challenges the intent. And the jury winds up disagreeing with the defense. They don't — they convict of a lesser included, but it's still more than the defense asked for. Was the government on notice prior to trial that he was willing to admit that he committed the crime in the heat of passion? I'm unaware of anything in the record that would say they were. I would point this court — the closest I could come to something that would answer that question was in page 228 of the second volume when the defense submits its letter in response to the pre-sentence report. And there, at least according to the defense counsel, it says, Mr. Bourne had no opportunity to accept responsibility through a pretrial admission of guilt to the offense of conviction. And so it's not exactly your question, Your Honor, but I read that sentence to mean this wasn't a case where they were ever close with the government on their view of what happened. And so that — I read that sentence to mean he didn't have a chance to admit voluntary manslaughter until it got to trial because the government view was this wasn't voluntary manslaughter. Okay. So we wouldn't find anything in the record that he notified the government ahead of time, hey, I plead to voluntary manslaughter or — I don't recall seeing anything like that.  And so I'd like to touch upon quickly the other sort of — Let me — let's just — let's explore that for a minute. So if your intent is — if you believe that you were guilty of voluntary manslaughter but not of murder, and you wanted to someday take credit for an acceptance of responsibility, it wouldn't make much sense, would it, to not notify the government of that and notify them that, hey, I'm willing to say I did it in the heat of passion and I'll take a conviction for voluntary manslaughter. And that would seem to be the type of conduct that would get you at least closer to the voluntary — or to the acceptance of responsibility deduction. But this seems like it could be a situation where you didn't accept responsibility in a timely enough manner to where the government could do anything about it. I would say two points — Because they still had to go to trial. Yes. I would say two points to that, Your Honor. One is, obviously, the defense does have the burden, but I can't say that didn't happen. It's just not in the record. I can't imagine all the time there was no discussion.  Well, you have to live with what's in the record, though, right? And then I would point to two is that wasn't the court's reasoning. The court's reasoning for denying him at least that question wasn't that you waited too long or that you did it strategically like the defendant in Collins. It was that you didn't truthfully admit to malice. And so the court wasn't denying him based on now's factors. It was denying him because it incorrectly believed he challenged the elements of conviction. And then on sort of the two other reasonings the court mentioned, one is voluntary termination and one is post-rehabilitative efforts. Voluntary termination, why I think the record is enough to show why he should get the deduction, is typically when someone is showing some type of effort to obstruct justice, destroy evidence, concoct an alibi. I don't see any cases where voluntary termination is you don't immediately stop and turn it in. So you think it would be irrational to say, well, you didn't voluntarily stop after you stomped on his head 10 times and killed him, and you stomped on his head another 16 times. How can we say that that's not at least a rational application of that criterion? Because that's the offense, right? If he had stopped earlier, if he had stopped earlier... Under my hypothetical, it's not. I said if you stomp on his head 10 times and you've killed him in the heat of passion, that's voluntary manslaughter. The manslaughter's over. He's dead, heat of passion. And what I'm saying is you stomp on him another 16 times, well, that's not homicide because he's already dead. You can't kill a dead person. So why isn't it rational to say if once you continue to stomp on him after you've already killed him, that's not voluntary cessation of that conduct? I would point this court... I've not seen any court that had so narrowly defined voluntary termination. If anything, I would point... We were citing a brief Coon v. United States, where it's the Rodney King case, where they could have stopped at any point. And not only do they not get upward departure, they get a deduction. And so that's very similar, where you could have said, well, they could have stopped beating him at any point in all the times they are hitting him, but they don't. And at no point does lack of voluntary termination come in there. And the last point I'd like to make in terms of the other part, post-rehabilitative efforts, is I don't see how the court could deny him the credit here in this offense, but give him the credit in the two other offenses if the court thinks his post-rehabilitative efforts weren't sufficient. How do we assess that? We don't even have the PSIs in the two other cases. But the facts would be the same, Your Honor. Well, the facts... You're saying the facts of completely distinct crimes would be the same as this voluntary manslaughter. Maybe the conduct is related. Maybe the conduct might even be the same. But there are different charges. There are different... They may be identical PSIs. They're not in the records. We don't know. And then the other problem I have is how do we say that it's irrational to give an acceptance responsibility credit in two other cases with two other charges and not do it here? I mean, I don't know of a case that says... Your Honor, just to be clear, I agree that in theory that you could have a case where we give the credit in two cases and not one. But what I think the point is the court can't use lack of post-rehabilitative efforts against him in this one case when the time frame we're looking at is exactly the same for all three. And so if he had post... That one factor, I think, can't be distinguished. And for that, I will save my eight seconds for rebuttal. Yeah, I'll give you... We'll make it a full minute, Kevin. Thank you, Your Honor. Let me... I've got a couple questions. Oh, yeah. Come on. This is Judge Baldo. Yes, Your Honor. Judge Carson asked you a question that I never heard an answer to, and that is that your case is subject to the record that we have before us. Isn't that correct? Yes, Your Honor. And do you also agree that United States v. Galvan and also United States v. McGee has some application to this case? Yes, I agree. Both of those cases are at least cases where my reading of them is they say court... Even going to trial, you can get the credit. The court does have that discretion. And it would be... I know what your reading may be, but you're going to be balanced on what I read. Yes, Your Honor. In regards to this matter. Yep. Is that correct? Question is then, if you looked at application note number two and in regards to McGee v. Galvan, where clear error is the question that we have here? Yes, and I would argue the court did clearly err. When the court said he didn't admit, he challenged the elements of conviction when he did not do that. That's clear error. Well, that's one of the issues we have before us because McGee and also Galvan have kind of a different bent on that, don't they? Because we clearly say where, even though under, I believe it was Galvan, they granted the acceptance of responsibility, that it also refers to the fact that we could also under those facts, the trial court could possibly deny the acceptance of responsibility. Do you agree with that? Yeah, the court can always deny. But what a court can do is say you challenged intent when intent wasn't an element of the conviction. That's the clear error here. And that's what makes it different than even Galvan, where he challenged intent and the jury disagreed. Thank you, Your Honor. Thank you, Your Honor.  May it please the court, I'm Luke Rizzo. Can you pull that a little closer?  Okay. Yes, Your Honor. May it please the court, I'm Luke Rizzo, an AUSA from the Eastern District of Oklahoma. The court should affirm the district court's decision to not credit defendant who went to trial with acceptance of responsibility or a point reduction for acceptance of responsibility. The two key reasons are the law and this court's precedent. As for the law, the guidelines provide that a defendant is not eligible for this reduction if he denies the essential factual elements of guilt at trial. He didn't do that, did he? On the offense of conviction? Well, no, Your Honor, but this court's precedent requires him to admit to the factual elements of the crime that is charged. As the judge was alluding to, that's what McGehee and Galvan essentially say. And McGehee reiterates that point. And he gets up before a single witness is called, an opening statement, and his counsel says he killed the guy in a heat of passion. What, in addition to those two admissions, would the government need to prove in order to convict a voluntary manslaughter? Well, Your Honor, the government's relying on Smith and Collins' cases from this court where the bulk of the consideration is that the defendant went to trial. The government had the burden to prepare for trial, and from this court's precedent, that's essentially the main standard. I mean, that's what defines whether— So your position is, if you go to trial on bank robbery, and you say, I didn't commit bank robbery, and you get up in an opening statement that says, what I did is I committed larceny, and the jury agrees with you and says, you didn't commit bank robbery, you committed larceny, then you automatically, under your view, are denied an acceptance of responsibility credit? Because you didn't admit to something that you were acquitted of? Do you think that's what our case law says? The government does. That's the government's position, and again, Galvan and McGehee— McGehee essentially says that. It references the crime that is charged. The defendant didn't admit to the factual elements of the crime that is charged. And in that case, was there a discrepancy between the crime that was charged and the crime that was convicted? A lesser-included offense, Your Honor. Okay. Which the elements can never be the same for a lesser-included offense. Okay, and so in those cases, was there a denial of the lesser-included offense that was charged? I don't believe so, Your Honor. I don't believe so. But in particular, Collins, there is the lesser-included offense. He does admit to the lesser-included offense. He does admit to the crime that is charged. Collins is effectively, if I recall, it's a drug case where the individual is charged with intent to distribute. He basically admits to possession during his trial. He gets convicted of that. Okay, okay. And he doesn't get acceptance points. Are you saying that in that case, the possession count was one of the charges? It was a lesser-included offense, Your Honor. Okay. And here, was there a lesser-included offense that was charged for voluntary manslaughter? No, Your Honor. Okay. And you don't see any difference? Well, Your Honor, I don't. What I'm getting at is it seems, and maybe I'm just misunderstanding, but it seems like you all are talking past one another. If I'm charged with two things and I deny one thing and admit the other, I can see the argument, well, you denied something that you were ultimately convicted of. Here, there was no charge for voluntary manslaughter. He says in opening statement before a witness is called, I committed, I killed a guy in the heat of passion, and that's why I asked you the question that you still haven't answered. What additional to that would the government need to prove in order to convict of that voluntary manslaughter? And if the answer is nothing, then why didn't he, under Application Note 2, admit in opening statement all of the conduct that was required for the offense of conviction? Now, you might have an argument that maybe that's too late. Maybe you can't wait until opening statement, but I guess I'm just not understanding why, if you deny something, one charge and that was the only charge and you're acquitted of that, why that should count against you for acceptance of responsibility. Well, Your Honor, the government could just point to the facts of this very case, right? Mr. Bourne, he's charged with first-degree murder. That's the only charge. He's not charged with voluntary manslaughter. He goes to trial. And he's acquitted. He's acquitted of that. He's convicted of the lesser-included offense, based on his testimony at trial, effectively. I think the record makes that pretty clear. So when you say lesser-included offense, was he convicted of voluntary manslaughter? Yes, Your Honor. He's convicted of the lesser-included offense of first-degree murder. The government's position in a brief, you know, standing here before the court today, has been, and it is, that it's about the crime that the individual is charged with. If he doesn't plead guilty to that, he doesn't get acceptance of responsibility. He goes to trial. And so he's convicted of the thing that he admitted. He is convicted of the thing he's admitted, Your Honor. Of course he is. Okay. But, again, with all due respect, Your Honor, it's not the government's position alone. I think it's fair to say, based on the court's precedent, Smith, Collins, Galvin, McGahee, I think it's gleaned from those cases that it is about the crime that the individual is charged with. The government concedes in the application notes. You know, there's mentions of the crime of conviction, and the appellant relies on that. I mean, we are, you know, we're not coming to a connection on that point where two ships passing in the night. The appellant is relying on the application notes of the guideline. The government's relying on the precedent of this court, which it believes is more important. That's the government's position. I hope that clarifies it. I'd like to inquire, what is your best case that limits it strictly to the crime that he's charged with? Because, as I look at the record, the trial court in this case instructed the jury on lesser included offenses, and the manslaughter was instructed to them. Am I not correct? That is correct, Your Honor. Certainly the… So he's charged with that, but in opening statement, he already agrees that he's guilty of it. You're saying that unless he stipulates to the first degree murder charge, he can never get acceptance of responsibility. That's what I'm hearing you say. Am I correct or not? Well, I think I need to answer it in two parts, Your Honor. You are correct. The latter part of your statement, that is the government's position. As far as is he charged with voluntary manslaughter, he's not. He's not charged by indictment with voluntary manslaughter. He has the, you know, based on his testimony, he presented enough evidence. I believe he moves for a voluntary, a lesser included offense instruction at trial, and he's granted that. And certainly the jury finds him guilty of that. I believe that's how we get there. I hope that answers your question, Your Honor. No, I still haven't heard your best case. Are you arguing that Collins is your best case that supports that? Well, Your Honor, the government would also point to Smith. I mean, in Smith, that case is pretty much right on here. The individual in Smith, the defendant, he shoots a home invader. He's charged with first degree murder based on his testimony at trial. He's convicted of involuntary manslaughter, a lesser included offense. He does not get acceptance points. Quite frankly, I think Smith is parallel to this particular case. There's also the note that this is all about the factual elements of intent. That's what the defendant is effectively, you know, he's challenging those when he goes to trial. He's challenging premeditation. He's challenging malice of forethought. Granted, he wins those challenges, of course, but based on the court's precedent, and I'll just, you know, reiterate it because I want to make that point clear. I mean, the government's relying on prior cases from this court. Do you agree that the district court could have exercised its discretion to award him the reduction in this case? Because he came and agreed basically, I don't want to use this term, because he admitted, you know, in his testimony that he committed the elements of the lesser included offense. The government's position is that the judge certainly, well, the district court certainly had the discretion to do that. If the judge did, if the district court did, it very likely wouldn't have been challenged by my office. You could look, you know, the court could look in Galvin. That's a particular case where, you know, the individual, he admits all the factual elements at trial. He goes to trial, and he still receives acceptance points. I mean, there's a caveat there that makes it different than this case, mainly being that he doesn't challenge any factual elements. The district court found that he challenged the legal application of the statute to his particular action. But the ultimate point being, and the reason why the government will reference that case, is because this court in review essentially, you know, gave credit to the deference, or gave deference to the district court, even though it noted it might have come to a different decision. So the government's position has been and will remain, you know, the district court has and should have a significant amount of discretion. That's, again, that's this court's position in the, you know, in sentencing in general, but also for an evaluation of an acceptance of responsibility reduction. What if the, do we have any questions? Judge Baldock. I have one. Please, thank you. In light of the fact that your, the first argument is that he was denied acceptance of responsibility, which would give him, I believe, what, a two-point reduction? Isn't that correct? That's correct, Your Honor. Okay. In the event that the court, and I just speak hypothetically, the court decides that maybe he should have been entitled to a two-point reduction for acceptance of responsibility. In that event, do we still answer his issue number two, which is the acceptance of the, an upward, a violation because of the upward departure? And based upon the evidence, I believe that, that Bacharach was talking to earlier about stomping a person's head several times. Do we need to answer that question just in the event that the court hypothetically should agree with you? Because that is an issue he's raised. Well, Your Honor, I think it certainly would be beneficial for the court to answer that question. I mean, a lot of things are beneficial with the court. What the question is, do we have to answer that question in the event we go the other way? I agree. It makes sense if we do that, whether or not to affirm the second issue or to reverse it, too. But again, the application notes are pretty clear. So my question to you is, if you know the law in regards to that, do we have to answer the second issue if we affirm, or if we reverse on the first? Well, Your Honor, I suppose it would have to be, you know, the guideline range at that point would have to be recalculated. I'm not, well, the government's not necessarily sure why. Sure. No, I'm just saying I agree because one, you get a point, you get points reduced, and the other one is upward departure, you get points added. So that's why I'm asking the question. It just seems to me, well, what seems to me may be right or wrong. I don't know. So anyway. Certainly, Your Honor. Well, I think Judge Garson had a question. No, I don't. Go ahead. I do have a question. So you were commenting about discretion to the district court. I think everybody would agree with that. Do you agree or disagree with the notion that if the district court makes a legal error, let's say the district court decides, oh, that defendant is of an ethnicity that is predisposed to commit crime, even if all of the other factors weigh in support of the decision, we would say, well, that tainted the discretion. And so, you know, a legal error is by definition an abuse of discretion. Do you agree or disagree with that? The government agrees that certainly that would be a legal error and it would be remanded. I mean. Okay. And so. Well, can I ask you a question? Okay. So assume there is a legal error that would, if it's standing by itself, would require remand, but the district court gave an alternative reason for denying the acceptance of responsibility. That was not a legal error. Would you still have to remand it? Well, Your Honor, in this particular case, the reference to an extraneous reason by the court doesn't make it a clear error. The government's position is it doesn't have to be remanded. The court's comment is essentially something extra, but it's not a clear error.  No, I understand that, but that's not responsive. So I want you to assume that there is a clear error as to one ground. But the court says, alternatively, I'm denying the request for the acceptance of responsibility for reason Y and assume that reason Y is a valid reason. Fair enough, Your Honor. In this particular narrow context of acceptance of responsibility, the government would posit that there has to be a foundation. There has to be a valid foundation, and it's pretty clear what that would mean, and it would mean the defendant didn't make the government go to trial. That's the foundation. There's facts to support that, and the government would rest on the notion that if the district court throughout the sentencing makes a comment or gives a reason that wouldn't be in the realm of acceptance of responsibility, this court doesn't necessarily have to remand it for that one reason. Why? So I assume that the answer is, so you're saying if a judge gives two reasons, one's valid and one's invalid, that you don't have to remand. Is that because your opponent theorized, well, that's because the only way you can get there is to say, well, there was a legal error, but it was harmless. Is the reason that we wouldn't remand, in your view, because the taint was harmless because the judge gave an alternative reason that was valid? Absolutely, Your Honor. And have you in your until 2 minutes and 12 seconds of your excess time in your argument, have you ever argued until just now that if there was an error, it was harmless? I mean, we ordered you all to be ready to answer this question, but harmlessness is typically borne by the government. And the government has the burden, and he's not had an opportunity to brief it. Only because of my mercy and giving him an additional 45 seconds can he even respond to your harmlessness argument. So how can we say it would be, if it's an error, that it would be harmless when you've waited until now to raise harmlessness? Well, Your Honor, and again, I realize I'm over time, I'll answer your question. The government, the opponent doesn't raise that exact issue. Maybe we're not communicating. The whole argument is that the third paragraph in the explanation, starting with the further paragraph, is legally erroneous. Is this about, Your Honor, for F? That he is denying acceptance for responsibility because he disputed a charge that he was acquitted of. He says throughout, that is a legal error. And what Judge Carson is positing to you is, well, if the judge gives an independent reason, would that preclude us from the necessity of remand? And you're saying yes, it would, as I understand it, because it's harmless. But that's, man, until you just said that, I didn't know that was your argument. Well, forgive me, Your Honor, the government understood that to be, the question to be hypothetical. Obviously, based on the briefs, the government does not believe there is a legal error here. I get that. In his defense, he didn't dispute my hypothetical. I thought that's why you called it a hypothetical. Okay, but I thank you for bearing with me. And I'm sorry to go back and forth, but I just, I definitely understand your argument. Okay, thank you, Your Honor. Judge Baldock, do you have any questions? No. I think we have tortured you enough. Thank you very much. It's my pleasure, Your Honor. Thank you. We'll hear from the appellant, and I think you've got one minute. Thank you, Your Honor. I'll be very quick. The government says they keep talking about precedent, and the government says their best case is Smith. Smith is distinguishable. Smith, the defendant is charged with murder. He argues self-defense, pure self-defense. He did not admit anything else. He said he did not commit this act. He's convicted of a lesser-included offense that still disagrees with his defense. Here, on the other hand, he's convicted of exactly what he testified to and exactly what the defense was, and that is why Smith and Toms are different. Collins is different because the judge there doesn't credit his testimony. He says it was strategic, which isn't what we have here. And the last point, unless there are any questions, is to say this is the offense that's charged versus the offense of conviction is to contradict all of the plain language of the entire 3E1.1 and the application notes. Couldn't those things make a difference, though? Can I explore something for a moment? I don't want to make this go on forever. Go ahead. Wouldn't your case be better if the lesser-included offense had been charged as well? Because in that instance, you're admitting to something that was charged, and you can get up and say, hey, I came to trial. I admitted to what they charged me with. I didn't make them put me to, you know, put on the burden. You know, we could have all just gone straight to sentencing. Judge, and in this case, you came to trial, and on the record as we understand it, nobody knew anything about what the opening argument was going to be until it happened. And so the government did have to show up. They did have to get their witnesses. They did have to, you know, put on their case because they thought the case was about murder because that's what had been charged. And it just so happens that you did strategically show up with a different case in mind, which was morphing the case into a manslaughter case that was not charged. I think a few, very, very quick. Number one, I think how it's charged shouldn't impact this because that's completely out of the defense's control how the government chooses to charge. What I would agree with, we probably would have a better record if the government had the defense prior to trial put something on the record saying, this is what we intend to do, which I don't see anything that says that. But then the last thing I will say, and then I'll sit down, is in terms of was this too late or strategic, but again, that's not what the court said, which in Collins it is what the court said. And so we're left with what the court says, and they just dispute this because it didn't think he admitted to the offense of conviction. Unless any other questions? I have a question. Yes. I have a question. I hate to prolong this a little further, but I'm going to go back to the same issue that I asked the government. I'm getting a feedback. Anyway, do we need to answer your second issue? Your first issue, you're arguing we should have gotten a two-point reduction for acceptance of responsibility. Your second issue is that the court erred in departing upward, and that's an addition. It would appear to me that if you're right on your first issue, we still need to answer the second issue and take that because that's the government's motion below. Do you agree that we need to answer your second issue also on the trial court's error as to the departing upward? Yes, I think either way, the issues are distinct and they both need to be addressed, and I'll just point this court to Coon v. United States and rest on my brief for why we believe that was wrong. I appreciate it, counsel. Thank you. Mr. Miller, I do have one question, and this goes back to if we credit your legal argument that this third paragraph from Judge Heil is legally erroneous, I want to ask you about the impact of the first paragraph. In terms of whether or not these are really independent rationales or all part of one, he says the first is he has a list of non-exhausting factors under 3D1.1. The first is truthfully admitting the offense conduct. True, the defendant's trial testimony included an admission of attacking the victim and some expectation of remorse. He also stipulated to the medical examiner's findings in the cause of death. This is what I want to ask you about, Mr. Miller. However, this is not sufficient for a clear demonstration of responsibility, nor, which seems to me that he's already said why he's not giving it an acceptance responsibility, nor is it so significant to outweigh other factors that weigh against such a finding, such a clear demonstration. And that's two paragraphs later is when he gets into one of those other factors that you criticize. Even if you're right about the legal error in the third paragraph, he has already said that what he did in opening statement and closing argument at trial is not enough for a clear demonstration of responsibility. And so we also have, even if we don't view it as an issue of harmlessness, we do have many cases that say stray comments are not enough to require reversal. Why isn't it sufficient that he gave one independent rationale that is unaffected by the taint of the legal error that you're theorizing about the third paragraph? Because the last paragraph the court gets to, where the court says you challenged intent and malice and put the government to its proof, that is the foundational question at issue. Does someone get this credit or not? And when the court gets that wrong, there's no way to separate that from everything else. And it wasn't a tangential, off-the-cuff remark. That was the exact same argument the government makes in their sentencing letter at 229 of the second record. It's the same argument the government's making now, and it's wrong. And when that foundation is wrong, it impacts everything else. And so I think at minimum, we need the court to go back and explain, would you still deny the credit if you take this out and you agree he did accept the offense of conviction? And with that, we would just ask the court to reverse. Thank you, Your Honors. Thank you both. I appreciate both of you indulging our many questions. It's an important issue, as all of our cases are. This matter will be submitted.